UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KOKESIA EVANS, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 2:16-cv-01764-JHE |
| MOMENTUM TELECOM, INC., | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff Kokesia Evans and Defendant Momentum Telecom, Inc. jointly move for an order dismissing this action without prejudice to allow Evans to proceed in Arbitration with her claims against Momentum. (Doc. 17).

Having considered the motion and finding the arbitration agreement enforceable,[1] *see* 9 U.S.C. § 2, the motion to compel arbitration is **GRANTED**. Although 9 U.S.C. § 3 speaks in terms of requiring a stay when an action is referred to arbitration, the weight of authority from district courts within this Circuit (and other circuit courts of appeals) supports a dismissal of an action when, due to an order compelling arbitration, there are no substantive claims left pending before the district court. *Halford v. Deer Valley Home Builders, Inc.*, No. 2:07cv180-ID(WO), 2007 WL 1229339 at *3 (M.D. Ala. Apr. 25, 2007); *see also Clayton v. Woodmen of World Life Ins. Soc.*, 981 F. Supp. 1447, 1451 (M.D. Ala. 1997); *Dale v. Comcast Corp.*, 453 F. Supp. 2d 1367, 1378 (N.D. Ga. 2006) (citing *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252

---

[1] An arbitration agreement is specifically enforceable under the Federal Arbitration Act if the following requirements are met: (1) the existence of a written agreement to arbitrate claims; (2) a nexus to interstate commerce; and (3) coverage of the claims by the arbitration clause. 9 U.S.C. § 2. Each of these elements is satisfied in this case. (*See* docs. 17 & 17-1)

F.3d 707, 709-10 (4th Cir. 2001)); *Gilchrist v. Citifinancial Servs., Inc.*, No. 6:06cv1727-ORL-31KRS, 2007 WL 177821, *4 (M.D. Fla. Jan. 19, 2007). Furthermore, although the Eleventh Circuit has not directly addressed the propriety of dismissal in lieu of a stay under 9 U.S.C. §3, it has "frequently affirmed where the district court compelled arbitration and dismissed the underlying case." *Gilchrist*, 2007 WL 177821 at *4 (citing *Samadi v. MBNA Am. Bank, N.A.*, 178 Fed. Appx. 863 (11th Cir. 2006), *cert. denied*, 127 S. Ct. 494 (2006); *Caley v. Gulf Stream Aerospace Corp.*, 428 F.3d 1359 (11th Cir. 2005); *Jackson v. Cintas Corp.*, 425 F.3d 1313 (11th Cir. 2005)). Accordingly, this action will be dismissed without prejudice.

       A separate order will be entered.

       DONE this 20th day of January, 2017.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE